# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CHENG LIANG,

      Petitioner,

      v.                                      Case No. 2:26-cv-01021 KWR-GJF

TODD BLANCHE, *Acting Attorney General of the United States,*
MARKWAYNE MULLIN*, Secretary of the Department*
*of Homeland Security,* TODD M. LYONS, *Acting Director of*
*U.S. Immigration and Customs Enforcement*,
MARY DE ANDA-YBARRA, *Field Office Director*
*for Detention and Removal, and*
DORA CASTRO, *Warden of Otero County Processing Center*,

      Respondents.

## <u>ORDER DENYING HABEAS PETITION</u>

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (**Doc. 1**). Petitioner is a noncitizen in ICE custody.  He asserts his due process rights were violated and he seeks release from custody. As explained below, Petitioner's claims are not well-taken as he is mandatorily detained under 8 U.S.C. § 1231(a)(2). Therefore, the Petition is **DENIED** without prejudice.

Petitioner is a citizen of China.  Pet at 3, Doc. 1.  He entered the United States on or about March 7, 2023 and was released on recognizance pursuant to 8 U.S.C. § 1226(a) on March 28, 2023. Doc. 7 at 1-2; doc. 1 at 15.  Petitioner was subsequently taken into ICE custody on September 29, 2025.  Doc. 7 at 2; doc. 7-5 at 2. He was ordered removed on January 21, 2026. Doc. 7-6 at 1. His appeal of the removal order was due on February 20, 2026.  *Id.* at 4. However, the Notice of

Appeal was filed a month late on March 20, 2026. Doc. 7-8 at 2.  Because the appeal was untimely, it was dismissed by the Board of Immigration Appeals on April 20, 2026. Doc. 7-8.

Petitioner asserts that his detention violates due process on various grounds, including that he was not afforded an opportunity to seek bond, as his detention has been classified as mandatory under § 1225.  *Id.*  at 4.  He also argues that he was not given notice of termination of his parole prior to his detention. *Id.*

Petitioner seeks release from detention under a habeas statute, 28 U.S.C. § 2241. The Constitution guarantees that "absent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). A federal court may grant a writ of habeas corpus to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas*, 533 U.S. at 687-88).

Respondents assert that Petitioner is mandatorily detained under 8 U.S.C. § 1231(a)(2) as he is in the 90 mandatory detention period following the entry of a final removal order.  Pursuant to the Immigration and Nationality Act, the Respondents must remove a noncitizen within a 90-day removal period. 8 U.S.C. § 1231(a)(1)(A). During the 90-day removal period, the noncitizen must be detained. *Id.* § 1231(a)(2).

Upon expiration of the initial removal period, the Respondents may continue to detain the noncitizen, but not indefinitely. *Id.* § 1231(a)(6); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). Continued detention for six months is "presumptively reasonable." *Zadvydas*, 533 U.S. at 701. After six months, if the noncitizen provides "good reason to believe that there is no significant

likelihood of removal in the reasonably foreseeable future," the Respondents must then rebut the noncitizen's showing with evidence. *Id.*

The "removal period" begins once a noncitizen's removal order "becomes administratively final," § 1231(a)(1)(B), meaning the order has been affirmed by the BIA or the time for seeking review has expired, 8 U.S.C. § 1101(a)(47)(B). *Riley v. Bondi*, 606 U.S. 259, 267 (2025) ("An order of removal becomes final at the earlier of two points: (1) 'a determination by the [BIA] affirming such order,' or (2) 'the expiration of the period in which the alien is permitted to" petition the BIA for review of the order.') (citation omitted). The regulations set forth when an order of removal becomes final. *See* 8 C.F.R. § 1241.1.

Here, the removal order became final either when (1) the time to appeal the removal order expired or (2) when the late appeal was dismissed as untimely. *See* 8 C.F.R. § 1241.1(a), (c). Under either theory, Petitioner is mandatorily detained under § 1231(a)(2) at this time. Respondents assert that Petitioner's detention is now governed by § 1231 as his removal order became final when his appeal was dismissed on April 20, 2026. The Court agrees. An order of removal is final upon the dismissal of an appeal. 8 C.F.R. § 1241.1(a). Alternatively, a removal order is final upon the expiration of the time allotted for an appeal if the noncitizen does not file an appeal within that time. 8 C.F.R. § 1241.1(c). Here, the time to appeal expired on February 20, 2026, and Petitioner did not file a timely notice of appeal. Petitioner is thus mandatorily detained under § 1231(a)(2) for ninety days from February 20, 2026.[1]

---

[1] Petitioner asserts that his due process rights were violated when his parole was not properly terminated prior to being detained. But his Petition does not explain why this would entitle him to release when he is mandatorily detained under § 1231. It appears that Petitioner was mandatorily detained under § 1231(a)(2) when the Petition was filed, because his removal order was final by February 20, 2026. In the alternative, the Court would hold that his current detention is appropriate as he was detained lawfully under § 1231(a) during the pendency of the case. In *Al-Siddiqi v. Achim*, the Court of Appeals for the Seventh Circuit affirmed the denial of a habeas petition where

Petitioner also asserts that his removal is not significantly likely in the reasonably forseeable future in violation of *Zadvydas*. However, the six-month period in which detention is presumptively reasonable has not yet expired, and Petitioner has not explained why this six-month period does not apply here.

Therefore, Petitioner is mandatorily detained under § 1231(a)(2) and his Petition is denied without prejudice.

**IT IS THEREFORE ORDERED** that Petitioner's Petition (Doc. 1) is hereby **DENIED** without prejudice.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

---

the petitioner initially asserted that his detention was unlawful, but during the pendency of the case he was granted voluntary departure and lawfully detained under different statutory provisions. *Al-Siddiqi v. Achim*, 531 F.3d 490, 495 (7th Cir. 2008) ("But here the IJ ordered Al–Siddiqi detained pursuant to his right to impose conditions on Al–Siddiqi's voluntary departure order, 8 U.S.C. § 1229c(a), (b); 8 C.F.R. § 1240.26(c)(3), not under his authority to review DHS's bond determinations.").